UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHARD HATCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-452 |
| ) | (Phillips) |
| UNITED STATES OF AMERICA, ) | |
| and UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Richard Hatcher filed this action on October 22, 2010, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. Hatcher alleges that on April 23, 2009, while observing rocks in a stream located in the Cades Cove picnic area in the Great Smoky Mountains National Park (Park), he was injured when a tree located in a wooded area located across the stream fell and landed on his left leg. Hatcher seeks to impose tort liability on the United States for the injuries that he sustained from the tree that fell on his leg on April 23, 2009, by alleging that the United States, through its employees and agents, failed to inspect and/or maintain each of the trees in the wooded area surrounding the Cades Cove picnic area where he and his family were visiting that day.

This matter is before the court on the defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules ov Civil Procedure. The United States

seeks dismissal of plaintiff's complaint for lack of subject matter jurisdiction over plaintiff's claims because the inspection and maintenance of trees in the Park is a discretionary function that is excepted from the limited waiver of sovereign immunity afforded through the Federal Tort Claims Act (FTCA). Alternatively, the United States seeks dismissal of plaintiff's complaint because it is barred by the Tennessee Recreational Use Statute, Tenn. Code Ann. §§ 70-7-101 *et seq.*

## I. Background

On April 23, 2009, plaintiff was a visitor to the Great Smoky Mountains National Park during regular park hours. Plaintiff was having lunch in a designated picnic area in the Cades Cove section of the Park with his two young sons. They sat in the picnic area eating lunch and observing the park area and creek. Plaintiff, with his two young sons, then walked to the creek area directly adjacent to the picnic area. While observing the rocks with his two young sons at the creek adjacent to the picnic area at Cades Cove, a tree, which was approximately 40-50 feet tall, located across the creek area, broke at its base and fell directly across the creek in the direction of one of plaintiff's sons. Plaintiff raced to his son and was able to grab his son moments before the tree would have crushed his son, but the tree impacted plaintiff's leg, crushing his left leg and ankle.

On October 13, 2009, Hatcher timely submitted an administrative tort claim for the sum of $350,000 to the Department of the Interior (Department), which oversees the Park. The Department did not make a final disposition of the claim within six months, and Hatcher, pursuant to 28 U.S.C. § 2675(a), deemed the claim denied and filed the instant

2

action. In his complaint, Hatcher alleges that the Park had a duty to "inspect and maintain the trees in the public and open areas . . . so that the decay [sic] and rotted trees would be removed" and that duty was breached by the Park's failure to use reasonable care to protect visitors from the foreseeable risk of a falling rotted tree.

The United States has filed a motion to dismiss arguing that this court lacks subject matter jurisdiction over plaintiff's claim that the United States was negligent in failing to inspect and/or maintain a tree located outside of the Cades Cove picnic area that fell and injured plaintiff because the actions or omissions of the United States regarding the inspection and maintenance of hazardous trees in its parks are within the discretionary function exception to the FTCA waiver of sovereign immunity. Alternatively, the United States argues that plaintiff's claims should be dismissed for failure to state a claim because plaintiff was engaged in a recreational activity during his visit to the Park that was covered by Tennessee's Recreational Use Statute, Tenn. Code Ann. § 70-7-102. Because plaintiff does not allege any actions by agents of the United States that rise to the level of gross negligence as required in order to overcome the immunity granted by the Recreational Use Statute, the United States argues that dismissal for failure to state a claim is appropriate.

## II. Analysis

A motion to dismiss a complaint filed against the United States on the ground that the plaintiff's claim is barred by the doctrine of sovereign immunity under the discretionary function exception to the FTCA is properly treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure.

3

*Cooley v. United States,* 791 F.Supp. 1294, 1298 (E.D.Tenn. 1992), *aff'd sub nom. Myers v. United States,* 17 F.3d 890 (6th Cir. 1994); *see also Rich v. United States*, 119 F.3d 447, 449 (6th Cir. 1997) (dismissal for lack of subject matter jurisdiction is appropriate when the discretionary function exception defense is applicable). Such a motion may be a facial attack that merely questions the legal sufficiency of the pleadings or a factual attack on the allegations giving rise to subject matter jurisdiction. *Dyer v. United States*, 96 F.Supp.2d 725, 727-28 (E.D.Tenn. 2000); *Cooley*, 791 F.Supp. at 1298.

The United States contests subject matter jurisdiction factually. Specifically, the United States asserts that the Park had no mandatory (*i.e.,* non-discretionary) duty to perform the functions about which plaintiff complains. In resolving the factual conflict to determine whether jurisdiction exists, the court has broad discretion to consider affidavits and documents outside the pleadings in ruling on the motion under Rule 12(b)(1) without converting the motion into one for summary judgment. *Dyer*, 96 F.Supp.2d at 727-28; *See also Kroll v. United States,* 58 F.3d 1087, 1092 n. 9 (6th Cir. 1995); *Cooley*, 791 F.Supp. at 128.

In the Sixth Circuit, a plaintiff can invoke jurisdiction under the FTCA "only if the complaint is facially outside the exceptions [set forth in the FTCA]." *Caryle v. Dept. of the Army*, 674 F.2d 554, 556 (6th Cir. 1982); *see also Sharp v. United States*, 401 F.3d 440, 443 n. 1 (6th Cir. 2005). The burden is on plaintiff to plead sufficiently to demonstrate that the discretionary function exception does not apply.

4

Case 3:10-cv-00452-TWP-CCS   Document 24   Filed 03/31/12   Page 4 of 9   PageID #: 237

It is well established that the United States, as a sovereign, may not be sued without its specific consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1990); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Hatcher alleges jurisdiction over the United States pursuant to the FTCA. The FTCA provides a limited waiver of sovereign immunity, that is, a waiver that only applies to certain tort claims for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This limited waiver of the government's sovereign immunity is further narrowed by certain enumerated exceptions. *See* 28. U.S.C. 2680. Among these is the discretionary function exception, which excludes from the waiver of sovereign immunity the following:

> [a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The existence of negligence is irrelevant when determining whether the discretionary function exception applies. *Rosebush v. United States*, 119 F.3d 438, 442 (6th Cir. 1997). If the discretionary function exception applies and there is no other waiver of the government's sovereign immunity, then the court lacks subject matter jurisdiction over the plaintiff's FTCA claims. *Sharp*, 401 F.3d at 443.

Hatcher argues that there is subject matter jurisdiction under the FTCA based on his allegation that the tree that fell and struck him was located on Park property near a picnic area at Cades Cove and that the United States, through its employees and agents, was guilty of negligence for an alleged failure to inspect and/or maintain the picnic area to ensure that all trees in the surrounding wooded areas were secure and/or safe from falling.

The court finds that the discretionary function exception is applicable to Hatcher's claims because (1) no statute, regulation or policy sets forth a mandatory directive that specifically required the Department to inspect and/or maintain trees any differently than it did and (2) decisions on where and when to inspect trees for removal from the wooded areas of the Park fell precisely within the ambit of the discretionary function exception. The written policy guideline that applied to the periodic inspection of the Cades Cove picnic area left discretion to Park employees on whether, when and how to implement such guidelines given budget and manpower constraints. The written policy guidelines that applied to the periodic inspection of the Cades Cove picnic area stated that "Developed Zones," which include picnic areas, "*should* be given individual inspection on an annual basis. All trees within falling distance of these heavily used sites *should* be individually checked." The use of the word "should," instead of "shall" or "must," in the plan left the Cades Cove district maintenance crew with the discretion on whether to follow the suggestive language of that provision. The Park plan was intended to "minimize the number of hazardous trees in developed zones . . . the total elimination of . . . hazardous trees is impossible as long as a site is forested." Because the Park plan contained language that left discretion to the government agents executing that guideline, and

6

because the overall framework of the Park plan guidance is clear that safety measures are to be balanced against various other factors including budget and manpower, the decision on how to execute the plan was discretionary. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Sharp*, 401 F.3d at 443; *Rosebush*, 119 F.3d at 441.

In another inspection and maintenance case involving a tree falling and injuring a plaintiff in a federal park, this court previously held that the "hazardous tree inspection and removal procedure, and the decisions on how to comply with those inspections and procedures, are clearly within the scope of the discretionary function exception." *Wright v. United States*, 868 F.Supp. 930, 936 (E.D.Tenn. 1994) (Jarvis, J.). In *Wright*, hikers brought action under the FTCA when a rotting tree adjacent to a trail in a wilderness area fell on them resulting in serious injuries. *Id.* at 931. In order for it to reach its decision, the court in *Wright* made clear that no case-specific analysis was required as to which trees the agency must cut down in order to minimize risk or what method of inspecting for potentially hazardous trees should be utilized. *Id.* at 936. The court expressly noted that it was guided by the following language from *Autery v. United States:*

> To decide on a method of inspecting potentially hazardous trees, and in carrying out the plan, the Park Service likely had to determine and weigh the risk of harm from trees in various locations, the need for other safety programs, the extent to which the natural state of the forest should be preserved, and the limited financial aid and human resources available.

*Wright*, 868 F.Supp. at 936 (quoting *Autery*, 992 F.2d 5123, 1531 (11th Cir. 1993); *See Mercando v. United States*, 517 F.3d 160, 163-67 (3rd Cir. 2008) (Once the controlling

7

statutes, regulations and other administrative policies are shown to be discretionary, "the Park officials' decision to employ a particular inspection procedure – and its execution of that plan – is protected by the discretionary function exception"). As such inspection and maintenance decisions are of the type Congress intended to protect though the discretionary function exception to the FTCA, this court lacks subject matter jurisdiction over plaintiff's claims that the Park was negligent in failing to inspect and/or maintain the tree at issue. Following *Autery,* Judge Jarvis determined that it is not appropriate for the district court to get into the business of determining "which trees, if any, the Forest Service must cut down in order to minimize the risk [of injury to park visitors]" nor was the court going "to examine the Forest Service's hazardous tree inspection and removal procedures, and the decisions on how to comply with those inspections and procedures, were clearly within the scope of the discretionary function exception." *Wright*, 868 F.Supp. at 936. The same analysis applies here. Accordingly, Hatcher's complaint will be dismissed for lack of subject matter jurisdiction.

Because this issue is dispositive, the court need not address the United States' alternative argument – that under the Tennessee Recreational Use Statute, the United States is entitled to immunity from suit.

### III. Conclusion

Because the discretionary function exception to the FTCA waiver of sovereign immunity applies to preclude this court's exercise of subject matter jurisdiction over

8

Hatcher's complaint, the United States' motion to dismiss [Doc. 15] is **GRANTED,** and this action is **DISMISSED with prejudice.**

**ENTER:**

<pre>           s/ Thomas W. Phillips          
        United States District Judge</pre>